IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

```
UNITED STATES OF AMERICA,    )    CR. NO. 07-00108 DAE
                             )
        Plaintiff,           )
                             )
    vs.                      )
                             )
ROBERT KAIALAU, III,         )
                             )
        Defendant.           )
_____)
```

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT ROBERT KAIALAU, III'S
<u>SECOND MOTION TO PROCEED PRO SE, FILED SEPTEMBER 4, 2007</u>**

Before the Court is Defendant Robert Kaialau, III's ("Defendant") Second Motion to Proceed Pro Se, filed September 4, 2007 ("Motion").  The United States of America ("Government") filed its Position Re: Defendant Kaialau's Motion to Proceed Pro Se on September 6, 2007.  This matter was referred by the district judge to this Court on September 4, 2007 and came on for hearing on September 7, 2007.  Thomas J. Brady, Assistant United States Attorney, appeared on behalf of the Government, and Rustam Barbee, Esq., appeared on behalf of Defendant, who was present at the hearing.  After careful consideration of the Motion, the arguments of counsel and the representations of Defendant, this Court GRANTS IN PART and DENIES IN PART the Motion for the reasons set forth below.

<u>**DISCUSSION**</u>

In the instant Motion, Defendant seeks leave to proceed

pro se.  At the hearing, Defendant was advised of: his Sixth Amendment constitutional right to represent himself; the disadvantages of self-representation; the superior knowledge and skill of his defense attorney and that of the Government attorney; the nature of the charges against him; and the considerable potential penalties that he faces if he is convicted of the charges against him, including the possibilities and effects of consecutive sentencing.  An inquiry was also conducted regarding his educational background.  Defendant has a high school education and has not received an education in the practice of law.  Defendant confirmed, however, that he understands the charges against him as well as the risks of self-representation and he continues to desire to represent himself.

At the heart of Defendant's desire to proceed pro se in this matter is his fervent wish to have certain motions filed and heard which his counsel is "unwilling to file on the defendant's behalf because counsel believes the issues to be frivolous." [Motion, Decl. of Counsel at ¶2.]  At the hearing, however, Defendant stated that he desires to proceed pro se for the limited purpose of filing and arguing these motions and wishes to have Mr. Barbee serve as his defense counsel at trial.  Defendant confirmed that he finds defense counsel to be amicable, trustworthy and experienced.

The district court has the authority to allow a hybrid form of representation by which the defendant may assume certain functions of the defense attorney.  See United States v. Kimmel, 672 F.2d 720, 721 (9th Cir. 1982) (citing United States v. Halbert, 640 F.2d 1000, 1009 (9th Cir. 1981)).  Such an arrangement is not permitted, however, unless and until the defendant knowingly and intelligently waives his right to counsel.  See id. at 721-22 (citing Faretta v. California, 422 U.S. 806, 835 (1975)).

The Court hereby finds that Defendant has knowingly and intelligently waived his right to counsel and that he understands the considerable risks of representing himself in this matter. This Court further finds that the benefits of permitting Mr. Barbee to serve as trial counsel and having Defendant represent himself only as to the motions which he desires to be filed and heard (and for which Mr. Barbee has declined to do so on ethical grounds) outweigh the cost of having a hybrid representation. Specifically, Mr. Barbee has the experience, training and skill necessary in a case such as this one, which is not a case of "garden variety" criminal charges and which involves, among other things, allegations of criminal racketeering.  Further, he has been representing Defendant since May 15, 2007, and has been preparing for trial, which is scheduled to commence on September 11, 2007.  His knowledge of the case and ability to

defend this case outweigh any cost or inconvenience of a hybrid representation.

## CONCLUSION

For the foregoing reasons, Defendant Robert Kaialau, III's Second Motion to Proceed Pro Se, filed September 4, 2007, is hereby GRANTED IN PART and DENIED IN PART, and Defendant Robert Kaialau, III is hereby permitted to proceed pro se for the purpose of filing and arguing the motions that his counsel has declined to file, but Mr. Barbee will continue as trial counsel in all other respects.

**IT IS SO ORDERED.**

DATE AT HONOLULU, HAWAI`I, September 7, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**USA V. ROBERT KAIALAU, III; CR. NO. 07-00108 DAE; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ROBERT KAIALAU, III'S SECOND MOTION TO PROCEED PRO SE, FILED SEPTEMBER 4, 2007**